**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KRISTINE MANZ )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GROENDYKE TRANSPORT, INC. )<br>)<br>Defendant. ) | Case No. 10-CV-2482-CM/JPO |

**STIPULATED PROTECTIVE ORDER**

COME NOW the parties, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.2, and submit the following Jointly-Proposed Protective Order ("Protective Order"):

1. Good cause exists for the entry of this Protective Order because the parties contend that certain documents relevant to the allegations and defenses in this matter contain confidential information pertaining to Plaintiff's medical history and finances and Defendant's proprietary policies, procedures, and personnel files containing confidential information regarding present and former employees.

2. The procedures described herein shall be adopted with respect to certain documents and other information produced and/or disclosed in this action. This Protective Order shall apply to all of Plaintiff's medical records, tax returns and financial information. The Protective Order shall apply to all documents regarding Defendant's employment policies and procedures, all personnel files of present and former employees of Defendant and all other documents containing confidential and/or personal information about former and present employees of Defendant and all of Defendant's financial information.

3. All documents described in paragraph 2 above shall be marked by the producing

1

party as "CONFIDENTIAL" in a readily visible manner ("Confidential Information").  Any party photocopying or otherwise duplicating Confidential Information shall ensure that the "CONFIDENTIAL" designation appears clearly on all such copies and duplicates.

4. All parties and their counsel who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of said information, shall disclose such information only to:

    i. counsel for the parties;

    ii. counsel's employees;

    iii. parties and employees of the parties;

    iv. consulting and designated expert witnesses;

    v. witnesses or potential witnesses;

    vi. outside vendors, including their employees, retained by counsel for either party to provide copying, data entry, data processing and similar clerical support services; and

    vii. Court personnel and members of the jury.

5. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

6. Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition.  A party claiming that a deposition or any portion thereof is Confidential

Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential

7.  Subject to the applicable Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

8.  Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality with respect to the information so disclosed. A party making such inadvertent disclosure must give prompt written notification to the parties when such inadvertent disclosure is discovered. Upon receiving written notice that Confidential Information had been inadvertently produced, all such information, and copies thereof, shall be returned to counsel and the receiving party shall not use such information for any purpose until further Order of the Court.

9.  The parties agree that any Confidential Information shall be entitled to protection under the terms of this Order. With respect to any motion, memorandum, pleading, or exhibit that contains Confidential Information, pursuant to Section II.J of the ADMINISTRATIVE PROCEDURES FOR FILING, SERVING AND VERIFYING PLEADINGS AND PAPERS SERVED BY ELECTRONIC MEANS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS, the party desiring to file such Confidential Information must first file a motion with the Court and be granted leave to file the particular document under seal.

10. Counsel for the parties shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by the Party they represent and by those acting on its behalf.

Dated December 6, 2010, at Kansas City, Kansas.

    s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

Stipulated By:

| | |
|---|---|
| */s/ Norman R. Kelly* | */s/ Theresa A. Otto* |
| Norman R. Kelly, Esq. | Theresa A. Otto, Esq. (#16628) |
| NORTON, WASSERMAN, JONES & KELLY, LLC | Matthew J. Westering, Esq. (#24013) |
| 213 South Santa Fe | BATY, HOLM & NUMRICH, P.C. |
| P.O. Box 2388 | 4600 Madison Avenue, Suite 210 |
| Salina, KS 67402-2388 | Kansas City, MO 64112-3012 |
| nrk@nwjklaw.com | totto@batyholm.com |
| Telephone: 785-827-3646 | mjwestering@batyholm.com |
| Telecopy: 785-827-0538 | Telephone: 816-531-7200 |
| ATTORNEY FOR PLAINTIFF | Telecopy: 816-531-7201 |
| | ATTORNEYS FOR DEFENDANT |